IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | 4:11CV3082 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LYLE E. STROM, JOHN DOE, | ) | |
| Unknown, Cohort of, UNITED | ) | |
| STATES MARSHALS, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint on June 2, 2011. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e).

## I. SUMMARY OF COMPLAINT

Plaintiff filed his complaint against Defendants, United States District Judge Lyle Strom ("Judge Strom") and an unknown United States Marshal ("John Doe"), on June 2, 2011. Condensed and summarized, Plaintiff alleges that he was arrested while attempting to enter the United States Courthouse in Omaha Nebraska. Plaintiff was arrested pursuant to a warrant, for "non payment of fines, court costs." (Filing No. 1 at CM/ECF p. 1.) Plaintiff further alleges that during arrest the pockets of his coat were "tore up." (*Id.* at CM/ECF pp. 1, 3.) Plaintiff requests his coat be repaired or replaced, relief in the amount of "$100,000,000 . . . and anything else just." (*Id.* at CM/ECF p. 3.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

**III.   DISCUSSION OF CLAIMS**

   *A.   Claim against Judge Strom*

Judges are absolutely immune from suits for damages arising from acts, whether or not erroneous, in their judicial capacity, as long as such actions were not taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Judicial immunity is an immunity from suit, not just from damages, and "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* Moreover, "[a] judge will not be deprived of immunity because the action he took was in error

. . . or was in excess of his authority." *Id.* at 12 (quotation omitted). As the Supreme Court set forth in *Mireles*, "the relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself,'" and courts "look to the particular act's relation to a general function normally performed by a judge" in determining whether judicial immunity applies. *Mireles*, 502 U.S. at 13.

Liberally construed, Plaintiff's Complaint alleges a monetary damages claim against Judge Strom for issuing an order "banning" him from entering a federal courtroom during someone else's trial. (Filing No. 1 at CM/ECF pp. 1-3.) There is no question that Judge Strom's conduct in issuing such an order were acts within his judicial capacity and jurisdiction. Therefore, Judge Strom is entitled to absolute judicial immunity, and Plaintiff's claim against him for monetary damages are dismissed with prejudice.

      B.    *Claim Against John Doe, United States Marshal*

Under the doctrine of sovereign immunity, the United States is immune from suit unless it consents to be sued . . . . This consent must be unequivocally expressed in statutory text . . . and the scope of a sovereign immunity waiver is strictly construed in favor of the sovereign." *Miller v. Tony and Susan Alamo Found.*, 134 F.3d 910, 915 (8th Cir. 1998). It is well established that, absent an express waiver, the doctrine of sovereign immunity bars a plaintiff's claim for money damages against the United States, its agencies, and its officers in their official capacities. *See, e.g.*, *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Further, "sovereign immunity is jurisdictional in nature." *Meyer*, 510 U.S. at 475, *citing* *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

Although the United States has consented to suit under the Federal Tort Claims Act ("FTCA"), the FTCA does not provide a jurisdictional basis for Plaintiff here. Under the FTCA, the United States has waived its sovereign immunity for damages claims regarding "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

However, before a plaintiff may bring an action under the FTCA, he must first comply with the administrative claim requirement, which is a prerequisite to filing a claim under the FTCA. As set forth in 18 U.S.C. § 2675(a):

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have **first** presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

*Id.* (emphasis added).

Here, Plaintiff seeks damages because Defendant "John Doe," A United States Marshal, destroyed his property. Defendant Doe is an employee of a United States agency. All alleged acts took place within the scope of his employment, while arresting Plaintiff pursuant to a warrant. Plaintiff's claim for "loss of property" to which the FTCA applies, is not a constitutional violation. Even with the most liberal construction, Plaintiff does not allege that he complied with the administrative requirements of the FTCA prior to filing this action. Thus, the court lacks subject matter jurisdiction over Plaintiff's claim and it must be dismissed. However, the

court will dismiss Plaintiff's claim against John Doe without prejudice to reassertion after compliance with the FTCA administrative procedure.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claim against John Doe, United States Marshal, is dismissed without prejudice to reassertion after compliance with the FTCA administrative procedure.

2. Plaintiff's monetary damages claim against Judge Strom is dismissed with prejudice.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 15th day of July, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.